Matthew Shayefar, Esq. (SBN 289685)
Email: matt@shayefar.com
Law Office of Matthew Shayefar, PC
750 N San Vicente Blvd, 800 West
West Hollywood, California 90069
Telephone: 323-948-8101

Valentin Gurvits (MA Bar No. 643572)
Email: vgurvits@bostonlawgroup.com
Frank Scardino (MA Bar No. 703911)
Email: frank@bostonlawgroup.com
Boston Law Group, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Telephone: 617-928-1804
*Pro hac vice motions forthcoming*

Attorneys for Plaintiff Tikt LLC

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Tikt LLC,<br>    Plaintiff,<br><br>v.<br><br>TikTok Ltd.,<br>TikTok USDS Joint Venture LLC,<br>TikTok Inc., and<br>Does 1-10,<br>    Defendants. | Case No.  26-1210<br><br>**Complaint for**<br>**I. Declaration of Non-Infringement of Trademark;**<br>**II. Declaration of Non-Dilution of Trademark; and**<br>**III. Declaration of No Unfair Competition.**<br><br>**Jury Trial Demanded** |

Plaintiff Tikt LLC ("Plaintiff" or "Tikt"), by and through its undersigned Counsel, assert the following Complaint against Defendants TikTok Ltd., TikTok USDS Joint Venture LLC, TikTok Inc., and Does 1-10 (collectively, the "Defendants" or "TikTok").

## **Introduction**

1.      Tikt is a Connecticut limited liability company that owns and operates a website located at the Uniform Resource Locator ("URL") tikt.com (the "Website"). The Website provides image-downloading and video-downloading services to its users. Within certain generous usage restrictions, these services are free to the public. The Website allows users to download individual electronic images, image galleries, video recordings, and similar digital media from virtually any image-hosting site, as is expressly advertised on the Website (see, e.g., https://tikt.com/supported-sites/). The Website is a so-called "universal downloader" that permits the downloading of publicly-available video files, audio recordings, MP3 and MP4 files, and other images not protected by digital rights management tools such as access control technologies, a practice commonly referred to as "format-shifting." A user copies and pastes a URL link (to a supported website containing the content the user seeks to download) into the pertinent field on the Website, and the Website then provides the user with a link to download the material. Alternatively, a user can enter "tikt.com/" into an internet browser's address bar, followed by the URL path of the desired media, and thereby download and format-shift the chosen material in this fashion.

2.      In connection with providing services through the Website, Tikt makes use of the trademark TIKT (as in "ticket," *i.e.*, a ticket to downloaded content). On or about June 17, 2025, Tikt filed an application to register the trademark TIKT with the United States Patent and Trademark Office ("USPTO"). The application seeks to register the mark for

use in connection with "Software as a service (SAAS) services featuring software for format-shifting, downloading, and transferring image galleries and collections."

3.     On or about January 8, 2026, TikTok Ltd., acting through counsel, sent a cease-and-desist letter to Tikt claiming that the TIKT trademark infringes upon and dilutes Tiktok's TIKTOK trademark, and demanding that Tikt stop all use of the TIKT mark and withdraw the pending application to register the TIKT mark. Tikt thus faces a pressing, vital business decision, i.e., whether to surrender and abandon its trademark rights in the TIKT mark and fundamentally change its business identity, or, instead, continue using its trademark and prosecuting its trademark application under the threat of TikTok's enforcement activities. This is precisely the dilemma intended to be remedied by the Declaratory Judgment Act.

4.     By this action, Tikt seeks a declaration that its TIKT trademark does not infringe TikTok's TIKTOK trademark and does not dilute TikTok's TIKTOK trademark, and that by making use of its marks, Tikt has not engaged in unfair competition in violation of the Lanham Act or other applicable law.

## Parties

5.     Plaintiff Tikt LLC is a limited liability company organized under the laws of the State of Connecticut with its principal place of business at 122 Pine Knob Drive, South Windsor, CT 06074.  Its main business is operating the Website.

6.     Defendant TikTok Ltd. is, upon information and belief, a limited company organized under the laws of the Cayman Islands with an office located at Grand Pavilion,

Hibiscus Way, 802 West Bay Road, Grand Cayman, KY1-1205. Upon information and belief, TikTok has a licensing agreement with Defendants TikTok USDS Joint Venture LLC and TikTok Inc., each of which is headquartered in this judicial district, to use the TIKTOK trademark in commerce throughout the United States through their operation of the tiktok.com website.

7.     Defendant TikTok USDS Joint Venture LLC is, upon information and belief, a Delaware corporation, with its principal place of business at 5800 Bristol Parkway, Culver City, California 90230, and which operates the tiktok.com website.

8.     Defendant TikTok Inc. is, upon information and belief, a corporation organized under the laws of California, with its principal place of business at 5800 Bristol Parkway, Suite 100, Culver City, California 90230, and which operates the tiktok.com website.

9.     Plaintiff is ignorant of the true names and capacities of the defendants sued herein as Does 1 through 10, and therefore sues these defendants by fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, each of the fictitiously names defendants is negligently or otherwise responsible in some manner, along with the named defendants, for the occurrences herein alleged, and Plaintiff is entitled to the declaratory and other relief sought herein from both the named and fictitiously named defendants.

10.     Plaintiff is informed and believes, and thereupon alleges, that, at all times herein mentioned, the defendants named in this action, as well as the fictitiously named defendants, and each of them, were agents and employees of the remaining defendants, and in doing the things hereinafter complained of, were acting within the course and scope of such agency and/or employment and with the knowledge and consent of the remaining defendants.

## Jurisdiction and Venue

11.     Jurisdiction is conferred on this Court under 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a) and (b) (trademark disputes and claims concerning unfair competition), and 28 U.S.C. §§ 2201-2202 (Federal Declaratory Judgment Act).

12.     Venue is appropriate with this Court pursuant to 28 U.S.C. § 1391 because, upon information and belief, each of the Defendants has its principal place of business int this judicial district at 5800 Bristol Parkway, Suite 100, Culver City, California 90230, and they, together, operate the website at tiktok.com in the United States.

13.     This Court has personal jurisdiction over the Defendants because, *inter alia*: Defendants intentionally direct their business operations from and into this judicial district by operating the tiktok.com website from and into this judicial district; because Defendants are headquartered in this judicial district; because Defendant TikTok Inc. is incorporated in California; because Defendant TikTok Ltd. licenses the TIKTOK mark to its subsidiary, affiliated, or other related party in this judicial district; because Defendants provide

Complaint – Tikt LLC v. TikTok Ltd. et al.

services users within this judicial district; and because Defendants intentionally and expressly advertise their product and services to persons in this judicial district.

14.    An actual controversy exists within the meaning of Article III. The parties' dispute is definite and concrete, and it touches the legal relations of parties having adverse legal interests. TikTok's claims of trademark infringement and trademark dilution, their demands for Tikt to abandon its trademark application and to cease the use of Tikt's trademark, and its actual or threatened use of adversarial mechanisms and proceedings at the U.S. Patent and Trademark Office and the Trademark Trial and Appeal Board satisfy the requisite standard.

## **Facts**

15.    Since at least as early as June 15, 2025, Tikt has made commercial use of the trademark TIKT in the U.S. in connection with providing Software as a service (SAAS) services featuring software for format-shifting, downloading, and transferring image galleries and collections.

16.    On or about June 17, 2025, Tikt filed with the USPTO, on the actual-use basis, an application to register the trademark TIKT for use in connection with providing Software as a service (SAAS) services featuring software for format-shifting, downloading, and transferring image galleries and collections, in International Class 42. The application was subsequently assigned serial number 99238557 (the "'557 Application") by the USPTO. A copy of the '557 Application is attached hereto as Exhibit 1.

17.    Following examination by the USPTO, the '557 Application received preliminary approval in the form of a Notice of Publication stating that the TIKT mark appears to be entitled to registration for use in connection with the services claimed in the application, and the TIKT application was published for opposition on December 2, 2025.

18.    On or about December 31, 2025, TikTok requested and received from the Trademark Trial and Appeal Board a thirty-day extension of time in which to oppose registration of the '557 Application; on or about February 2, 2026, TikTok requested and received a further sixty-day extension of time in which to oppose registration of the application, giving TikTok a deadline of April 1, 2026 to file a formal notice of opposition.

19.    On or about January 8, 2026, TikTok sent a cease-and-desist letter to Tikt, accusing Tikt (wrongfully) of trademark infringement and of dilution of TikTok's TIKTOK mark and demanding that Tikt withdraw the '557 Application and stop all use of the TIKT mark and any variation thereof (the "Demand Letter"). A copy of the Demand Letter is attached hereto as Exhibit 2.

20.    The allegations, claims, and demands made in the Demand Letter are unfounded, inaccurate, overbroad, and have no basis in law or equity.

21.    The TIKT mark does not infringe TikTok's TIKTOK mark and does not dilute TikTok's TIKTOK mark.

22.    There is no likelihood of confusion created or caused by the simultaneous commercial use of Tikt's mark and TikTok's mark on the parties' respective goods and/or services.

23.     Tikt's commercial use of the TIKT mark also does not dilute or otherwise damage TikTok's TIKTOK mark

### Count I – Declaration of Non-Infringement of Trademark

24.     Tikt repeats, realleges, and incorporates herein by reference all above paragraphs as if set forth fully herein.

25.     Based on the facts set forth in the foregoing allegations, an actual controversy now exists between Tikt and Defendants regarding the issue of whether Tikt's use and registration of the trademark TIKT in connection with providing software as a service (SAAS) services featuring software for format-shifting, downloading, and transferring image galleries and collections and similar services infringes Defendants' asserted rights in the TIKTOK trademark.

26.     Absent a judicial resolution of this matter, Tikt will be uncertain as to whether its continued use and registration of the TIKT mark will expose Tikt to liability.

27.     Under the circumstances, a judicial declaration is necessary and appropriate at this time in order that Tikt may determine its rights and duties under the Lanham Act or other applicable law and the facts of this case.

### Count II – Declaration of Non-Dilution of Trademark

28.     Tikt repeats, realleges, and incorporates herein by reference all above paragraphs as if set forth fully herein.

29.     Based on the facts set forth in the foregoing allegations, an actual controversy has arisen and now exists between Tikt and Defendants regarding the issue of whether

Tikt's use and registration of the TIKT trademark in connection with providing Software as a service (SAAS) services featuring software for format-shifting, downloading, and transferring image galleries and collections and similar services dilutes or damages Defendants' TIKTOK mark in violation of the Federal Trademark Dilution Act of 1995, 15 U.S.C. § 1125(c) ("FTDA"), or other applicable law.

30.    Absent a judicial resolution of this matter, Tikt will be uncertain as to whether its continued use and registration of the TIKT mark will expose Tikt to liability.

31.    Under the circumstances, a judicial declaration is necessary and appropriate at this time in order that Tikt may determine its rights and duties under the FTDA or other applicable law and the facts of this case.

## Count III – Declaration of No Unfair Competition

32.    Tikt repeats, realleges, and incorporates herein by reference all above paragraphs as if set forth fully herein.

33.    Based on the facts set forth in the foregoing allegations, an actual controversy has arisen and now exists between Tikt and Defendants regarding the issue of whether Tikt's use and registration of the TIKT trademark in connection with providing Software as a service (SAAS) services featuring software for format-shifting, downloading, and transferring image galleries and collections and similar services amounts to unfair competition under the Lanham Act or any other applicable law.

34.    Absent a resolution in this matter, Tikt will be uncertain as to whether its continued use and registration of the TIKT mark will expose Tikt to liability.

35.     Under the circumstances, a judicial declaration is necessary and appropriate at this time in order that Tikt may determine its rights and duties under the Lanham Act or other applicable law and the facts of this case.

### **Request for Relief**

WHEREFORE, Plaintiff respectfully requests the following relief:

1.     A declaration of this Court that Tikt's past use and continued use of the trademark TIKT on or in connection with providing Software as a service (SAAS) services featuring software for format-shifting, downloading, and transferring image galleries and collections and similar services does not infringe Defendants' rights in the TIKTOK mark and that Tikt is free to continue to use the TIKT trademark on such services without restriction by Defendants;

2.     A declaration of this Court that Tikt's past use and continued use of the TIKT trademark on or in connection with providing Software as a service (SAAS) services featuring software for format-shifting, downloading, and transferring image galleries and collections and similar services does not dilute or otherwise damage Defendants' rights in the TIKTOK mark and that Tikt is free to continue to use the TIKT trademark on such services without restriction by Defendants;

3.     A declaration of this Court that Tikt's past use and continued use of the TIKT trademark on or in connection with providing Software as a service (SAAS) services featuring software for format-shifting, downloading, and transferring image galleries and collections and similar services does not amount to unfair competition and that Tikt is free

to continue to use the TIKT mark on such services without restriction by Defendants;

4.    For all attorneys' fees and costs incurred in this suit by Tikt to be paid to Tikt by Defendants pursuant to 15 U.S.C. § 1117(a) and as otherwise permitted by law; and

5.    For such other and further civil and equitable relief as the Court may deem just and proper.

**<u>Plaintiff Demands a Trial by Jury on all Claims so Triable.</u>**

Dated: February 5, 2026          Respectfully submitted,
                                 Plaintiff Tikt LLC,
                                 By its attorney,

                                 <u>/s/ Matthew Shayefar</u>
                                 Matthew Shayefar, Esq. (SBN 289685)
                                 Law Office of Matthew Shayefar, PC

                                 Valentin Gurvits (MA Bar No. 643572)
                                 Frank Scardino (MA Bar No. 703911)
                                 Boston Law Group, PC
                                 *Pro hac vice motion forthcoming*

Exhibit
1

**Trademark/service mark application, Principal Register**
Serial number: 99238557
Mark: Tikt
Mark format: Standard character
Filing date: June 17, 2025 at 2:56:43 PM ET
Docket number: 100445.000007
Owner name: Tikt LLC
Amount paid: $ 350 (1 class)

# Trademark details

Mark

TIKT

Mark Format

**Standard character**
The mark consists of standard characters, without claim to any particular font style, size, or color.

# Owner information

| | |
|---|---|
| *Name | Tikt LLC |
| Entity type | Limited liability company |
| Place of organization/citizenship | Connecticut |
| **Mailing address information** | |
| *Address line 1 | PO Box 1232, 850 Clark St |
| *City | South Windsor |
| *State/territory | Connecticut |
| *Zip/postal code | 06074 |
| *Country/region/jurisdiction/territory | United States |
| *Email address | ******* |
| Primary telephone number | (860) 548-2600 |
| **Domicile address information** | |
| Address line 1 | ******* |
| City | ******* |
| State/territory | ******* |
| Zip/postal code | ******* |
| Country/region/jurisdiction/territory | ******* |

# Goods and services

## Filing basis information

Section 1(a)

## Identification of goods and services

**International Class 042**
Filing basis: Section 1(a)
Software as a service (SAAS) services featuring software for **format-shifting, downloading, and transferring image galleries and collections**

**Specimen Information**

| | |
|---|---|
| First use anywhere date | At least as early as 06/15/2025 |
| First use in commerce date | At least as early as 06/15/2025 |
| Specimen file name | Specimen.pdf |
| URL | https://tikt.com/ |
| Date of access | 06/17/2025 |
| Description | Screen capture from Applicant's website showing use of the applied-for mark in connection with services and means for ordering |

# Additional statements

| | |
|---|---|
| Translation (if applicable) | |
| Transliteration (if applicable) | |

| | |
|---|---|
| Consent (name/likeness) (if applicable) | |
| Claim of ownership of active prior registrations(s) (if applicable) | |
| Section 2(f) Claim of acquired distinctiveness (if applicable) | |
| Additional statements including use of the mark in another form (if applicable) | |
| Significance of mark | |
| Disclaimer | |

## Attorney information

### Attorney name and address

| | |
|---|---|
| *Name | Ethan Ung |
| Law firm | Updike, Kelly & Spellacy PC |
| *Address line 1 | 225 Asylum St. |
| *City | Hartford |
| *State/territory | Connecticut |
| *Zip/postal code | 06103 |
| *Country/region/jurisdiction/territory | United States |
| *Email address | eung@uks.com |
| Primary telephone number | (860) 548-2600 |
| Extension | None specified. |

### Attorney registration information

| | |
|---|---|
| *Bar membership or registration number | ******* |
| *Jurisdiction | ******* |
| *Year of admission | ******* |

Statement of good standing

The attorney of record is an active member in good standing of the bar of the highest court of a U.S. state or commonwealth, the District of Columbia, or any U.S. territory.

Docket or reference number

100445.000007

## Correspondence information

| | |
|---|---|
| *Correspondence name | Ethan Ung |
| *Primary correspondence email address | eung@uks.com |
| Docket or reference number | 100445.000007 |
| Courtesy copy email addresses | hello@tikt.com; trademark@uks.com; ethan.j.ung@outlook.com |

## Fee information

| | |
|---|---|
| Application filing option | Trademark/service mark application, Principal Register |
| Number of classes | 1 |
| Base application fee, per class | $ 350 |
| Total fees paid | $ 350 |

## Declaration and signature

### Declaration

[ X ] Basis:

If the applicant is filing the application based on use in commerce under 15 U.S.C. § 1051(a):

- The signatory believes that the applicant is the owner of the trademark/service mark sought to be registered;
- The mark is in use in commerce and was in use in commerce as of the filing date of the application on or in connection with the goods/services in the application;
- The specimen(s) shows the mark as used on or in connection with the goods/services in the application and was used on or in connection with the goods/services in the application as of the application filing date; and
- To the best of the signatory's knowledge and belief, the facts recited in the application are accurate.


And/or

If the applicant is filing the application based on an intent to use the mark in commerce under 15 U.S.C. § 1051(b), §

1126(d), and/or § 1126(e):
- The signatory believes that the applicant is entitled to use the mark in commerce;
- The applicant has a bona fide intention to use the mark in commerce and had a bona fide intention to use the mark in commerce as of the application filing date on or in connection with the goods/services in the application; and
- To the best of the signatory's knowledge and belief, the facts recited in the application are accurate.

[ X ] To the best of the signatory's knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive.

[ X ] To the best of the signatory's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the allegations and other factual contentions made above have evidentiary support.

[ X ] The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of the application or submission or any registration resulting therefrom, declares that all statements made of his/her own knowledge are true and all statements made on information and belief are believed to be true.

| | |
|---|---|
| Electronic Signature | /johnathan nader/ |
| Signatory's name | Johnathan Nader |
| Signatory's position | Co-Founder |
| Date signed | 06/17/2025 |
| Signature method | Electronic signature emailed to third party |

STAMP:USPTO/APPB-**.***.**.***-20250617145643734-99238557-16.1-d0e427ac-26f2-4265-9a72-41dfa37a0f14-CARD-20250617095721688321

Tikt

URL: https://tikt.com/
Access Date: 06/17/2025



URL: https://tikt.com/pricing/?lang=en
Access Date: 06/17/2025



Exhibit
2



FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
WWW.FINNEGAN.COM

**YINFEI WU**
202.408.4428
yinfei.wu@finnegan.com

## SETTLEMENT NEGOTIATIONS-SUBJECT TO FRE RULE 408

January 8, 2026

<u>Via E-mail</u>

Ethan Ung, Esq.
Updike, Kelly & Spellacy PC
225 Asylum St.
Hartford, CT 06103

**Re:  Tikt LLC's Violation of TikTok Ltd.'s Rights**

Dear Ethan,

We are litigation counsel for TikTok Ltd. ("TikTok") and are contacting you regarding your client, Tikt LLC's ("TikT") use of and application for the mark TIKT in connection with "Software as a service (SAAS) services featuring software for format-shifting, downloading, and transferring image galleries and collections" in International Class 9 which has been assigned Serial No. 99238557 ("Application").  Based on your filings with the United States Patent and Trademark Office ("USPTO"), we understand that you are listed as counsel of record for this mark.  If this is no longer accurate or we should address this matter to someone else, please let us know.

As reflected in the Application, it recently came to our attention that TikT is using the TIKT mark to allow the public "to download videos, images, and collections from any supported media hosting site":



901 NEW YORK AVENUE, NW  |  WASHINGTON, DC 20001-4413
PHONE: 202.408.4000  |  FAX: 202.408.4400

Ethan Ung, Esq.
Page 2

Moreover, our investigations indicate that the TIKT website specifically allows users to download, reformat, and distribute copyrighted contents from our client's TikTok platform without any prior authorization.  Specifically, when a user inputs a TikTok video link, TikT's website will enable the user to download that video, the video with watermark, the audio, or the image file.  Our investigator was able to download videos and images without charge, without any request for authorization from the original content creator(s), and without being subjected to security, identity, and/or privacy verification. As you will appreciate, this is a significant concern for both us and TikTok.

TikTok is a global technology company that owns the video-sharing mobile application under the mark TIKTOK.  TikTok has continuously and extensively used the TIKTOK mark in commerce for its social media and e-commerce platform as well as for a variety of goods and services since as early as August 2018, long before the Application was filed on June 17, 2025. TikTok additionally owns numerous registrations around the world for its TIKTOK mark, including U.S. Registration Nos. 5,653,614, 6,069,518, 5,981,212, and 5,974,902.  These registrations provide TikTok with nationwide rights to the TIKTOK mark for video-sharing, social media, and e-commerce related goods and services.  Given the fame and strength of the TIKTOK mark, it is afforded a broad scope of protection.

Over the years, TikTok has extensively used and promoted its TIKTOK mark in the United States and around the world.  Since 2017, as an extension to its original business in video-sharing mobile applications, social networking, and e-commerce services, TikTok has partnered with many brand owners, influencers, celebrities, and entertainment groups to use the TIKTOK platform to promote their goods and services. As such, the TIKTOK mark is closely associated with the media file downloading software offered by TikT.  Further, the TIKTOK mark has become famous since long before TikT's claimed first use date of the TIKT mark on June 15, 2025, and any other date that TikT can possibly rely on to claim any trademark rights to the TIKT mark.

TikTok respects others' intellectual property rights and values its own.  As you can appreciate, TIKT is identical to the first four letters in the TIKTOK mark. Given the identical nature of TikT's video-downloading and sharing software to TikTok's video-sharing platform, TikTok is concerned that consumers will confuse the parties and their respective goods and services.  Given that the TikTok mark is famous, consumers will presume a connection.  Further, by adopting a website design that closely resembles TikTok's, your client creates a misleading suggestion of affiliation or sponsorship, despite no such relationship.  Thus, TikT's use of and application for the TIKT mark is likely to cause consumers to mistakenly believe that TikT's software is made by, associated with, or licensed by or approved by TikTok and/or its content creators, and dilutes TikTok's famous TIKTOK mark in violation of the Lanham Act, as well as other federal and state statutes.

To protect its valuable rights and avoid harm to TikTok and its valuable TIKTOK mark, TikTok asks that TikT provide written assurances that it will, **on a worldwide basis**,

FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP

Ethan Ung, Esq.
Page 3

immediately take all the following actions:

1.  File a Request for Express Abandonment (Withdrawal) of Application Serial No. 99/238,557with the USPTO.

2.  Cease and permanently desist from using the mark TIKT and any variation thereof, including but not limited to www.tikt.com.

3.  Rebrand to a mark that does not contain the term "TIK" or "TOK."

4.  Permanently refrain from filing applications or obtaining registrations anywhere in the world for marks and domain names that are comprised of or containing the mark TIKT and any variation thereof.

5.  Agree never to use or seek to register any mark or name in any format that infringes or dilutes TikTok's trademark rights.

TikTok prefers to resolve this matter amicably and *not to seek monetary compensation*.   In order to do so, you must provide us with written confirmation on or before **January 23, 2026** that you will take all of the above actions.

As you may already know, TikTok obtained an extension of time to oppose your Application by January 31, 2026.  Absent receipt of this written confirmation, TikTok reserves the right to take whatever action it deems appropriate to protect its rights without further notice.

To that end, TikTok reserves any and all available claims, arguments, rights, and remedies.

Best Regards,

FINNEGAN, HENDERSON, FARABOW
  GARRETT & DUNNER, LLP

Yinfei Wu, Esq.
Daniel S. Stringer, Esq.